# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DOUBLEDAY ACQUISITIONS LLC d/b/a CSAFE GLOBAL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case 1:21-cv-03749-SCJ |
| ENVIROTAINER AB, and ENVIROTAINER INC. | ) ) ) ) |
| Defendants. | ) |

**DECLARATION OF MATTHEW W. HOWELL IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

I, Matthew W. Howell, hereby declare as follows:

1. I have personal knowledge of the facts stated in this declaration and if called as a witness could competently testify to their truth.

2. I am a Partner at Alston & Bird LLP and counsel for Defendants Envirotainer AB and Envirotainer Inc. I submit this declaration in support of Envirotainer's Response in Opposition to Plaintiff's Motion to Strike (Dkt. 57)

3. I am admitted to practice in the State of Georgia, and have been admitted to practice before this Court since approximately late 2007. I have appeared in numerous cases before this Court, including several before Your Honor on behalf of various Merial entities.

4. Because of that experience, I am very familiar with both the Northern District's rules and various judicial instructions, including the Instructions for Cases Assigned to the Honorable Steve C. Jones. I take compliance with those rules and instructions seriously.

5. Local Rule 5.1(C) specifies rules for "Type; Format." It provides that, for computer documents, they must be prepared in one of the following fonts: Times New Roman (at least 14 point), Courier New (at least 12 point), Century Schoolbook (at least 13 point), or Book Antigua (at least 13 point). L.R. 5.1(C).

6. I took the lead with respect to drafting the brief that CSafe seeks to strike. At the outset of brief drafting, I ensured that 14 point Times New Roman

was used. I confirmed the use of that font size several times throughout the drafting process, as well as before filing.

7. Once I received CSafe's motion to strike, I was surprised to see its allegation that Envirotainer's brief did not use 14 point font (*see* Dkt. 57 at 2 (Envirotainer purportedly "us[ed] what appears to be slightly less than a 14 point font").

8. Because I take allegations of noncompliance seriously, I immediately opened the final version of that brief to confirm it did, in fact, use 14 point Times New Roman font. As shown in the screenshots below, I believe that 14 point Times New Roman, and only 14 point Times New Roman, was used throughout the brief. I observed nothing to the contrary in a line-by-line inspection.

> **INTRODUCTION**
>
> CSafe asks this Court for extraordinary relief: to put the Court's thumb on the scales of competition between the parties before trial, and prevent Envirotainer from leasing its Releye® brand containers—even though CSafe has been aware of them for almost a year and admits they have had little market impact during that time. As shown below, ***none*** of the [Times New Roman 14] unction factors weigh in CSafe's favor.
>
> First, CSafe is unlikely to succeed on the merits. All "exemplary" patent

> **PROCEDURAL BACKGROUND**
>
> CSafe alleged Envirotainer infringed the '511 Patent over ***nine*** years ago in March 2013 (Ex. 1). That letter asserted Envirotainer's RAP-sized e2 container infringed C[Times New Roman 14], among "several" others that "may" cover that

> **ARGUMENT**
>
> A preliminary injunction is a "***drastic*** and ***extraordinary*** remedy that is not to be routinely granted." *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1324 (Fed. Cir. 2004) (emphasis added); *see also Chem. Eng'g Corp. v. Marlo,*

9.      In addition to a line-by-line inspection, I also conducted advanced searches for specific font sizes (11 point, 12 point, 13 point, and 14 point). As shown below, I did not find a single character in the brief that used anything other than 14 point Times New Roman font. I did not find any instances of text that was "slightly less than a 14 point font," as CSafe asserts. In fact, our version of Microsoft Word does not even permit "slightly less" than 14 point font: when I tried (after receiving CSafe's brief) to use a 13.9 or 13.8 point font, I received an error ("This is not a valid number.") as also shown below. So not only are CSafe's allegations untrue, they are also a practical impossibility.




10. I was also surprised to see CSafe's argument that Envirotainer "artificially condensed spacing within lines of text" (Dkt. 57 at 2). To be clear, to my knowledge at no point during the drafting of the brief did Envirotainer or its counsel "artificially condense[]" spacing within lines of text.

11. As with font size, I immediately checked the font spacing in the final version of the brief that was submitted, and did not observe anything that appeared out of the ordinary or fit CSafe's assertions. I also checked various text throughout Envirotainer's brief through the "Advanced" Font setting in Microsoft Word, as shown in the example below, and confirmed that font scale was 100% and spacing was normal (as opposed to condensed), as CSafe incorrectly asserts.



12.     As with the 14 point font above, I did not locate anything that would lead me to believe that lines of text, or the characters themselves, were condensed in any way. I did not find any instances of text that was "artificially condense[d]."

13.     I saw CSafe's contention that Envirotainer used 1.74-spacing. As mentioned below, for a 14 point font 1.74-spacing would be exactly 24.36 point spacing. Envirotainer, however, used exactly 28 point spacing for its brief, which is double-spacing for 14 point font.



14.     Among other things, the local rules permit that motions and briefs be computer processed, typed, or handwritten (L.R. 5.1(C)(1)), but requires those submissions be "double-spaced between lines" (L.R. 5.1(C)(2)).

15.     The Court does not define "double-spaced," but I understand that to mean that at a minimum there must be one blank line in between every line of text,

where the blank line is the same size as the font size. For example, for 14 point font, the blank space in between each line would also be 14 points, resulting in a total spacing of 28 points.

16.  I learned that when starting my career as a lawyer at Alston & Bird. The first cases that I worked on, and the first legal documents I drafted, were in connection with an MDL case that was pending in the Central District of California. That court had a requirement, as it does now, that each page include double-spaced numbered lines on the left margin, with up to 28 lines per page.

17.  The template we used for briefs had 28 lines, double-spaced, on the left margin. The first briefs I drafted, however, included text that was spaced further apart than the numbered lines. I inquired with others why that was the case, and I learned that Microsoft's default spacing provision is not actual double spacing; to precisely double space a brief, I would need to set the spacing manually (for example, for 14 point font, I would need to set the line spacing to "exactly" 28 point).

18.  For example, below is a declaration I was able to locate that I submitted as a first-year associate in 2008. As shown below, the "exact" spacing I used aligns each numbered line with each line of text. The California Court's local rules permit 28 lines of double spaced text. The only way to get 28 lines of text on a page is to use "exact" spacing, instead of Microsoft's default (which is not true

double spacing and instead provides spacing that is roughly 15% further apart than exact double spacing).

> 1  **DECLARATION OF MATTHEW W. HOWELL, ESQ.**
> 2  1.  I, Matthew W. Howell, Esq., hereby declare that I am an attorney at
> 3  Alston & Bird LLP, counsel for Defendants Charter Communications, Inc., Charter
> 4  Communications Holding Company, LLC, Charter Communications Operating, LLC,
> 5  Charter Communications Entertainment I, LLC ("Charter") in this action. The
> 6  matters stated below are of my personal knowledge and, if called as a witness, I could
> 7  and would testify competently thereto.

19. Since that time, I have regularly used exact double spacing in briefs and other documents. Though I may not use that precise spacing for every document that I submit for every court, particularly for briefs that I edit as opposed to draft from scratch, I believe exact double spacing complies with local rules that generally require double spacing, such as those in this Court. I am not aware of any opinion by this Court, or any other court in Georgia, that has held otherwise.

20. In particular, at the time we submitted the challenged brief, I was not aware of any case from this Court that found exact 28 point double spacing for a 14 point font is not "double spacing" within the Local Rules. Even after having reviewed CSafe's brief, I am still not aware of any.

21. As part of my practice, I also regularly consider various professional treatises, blogs, and other sources of legal information. One resource that I have

consulted is *Typography for Lawyers*, and one entry I have read is with respect to line spacing.

22.     The current line spacing entry, available at https://typographyforlawyers.com/line-spacing.html, provides:

> Most courts adopted their line-spacing standards in the typewriter era. That's why court rules usually call for double-spaced lines. On a typewriter, each line is the height of the font, thus double spacing means twice the font size. So if you're required to use a 12-point font, double line spacing means 24 points.

23.     That treatise entry is submitted as Exhibit 1 to Envirotainer's Opposition Brief. A State Bar of Georgia newsletter that cites the treatise's author on the same subject matter is provided as Exhibit 2.

24.     That entry also notes the same experience that I had with Microsoft Word back when I was a first year associate:

> Curiously, the so-called "double" line-spacing option in your word processor doesn't produce true double line spacing. Microsoft Word's "double" spacing, for instance, is about 15% looser, and it varies depending on the font. To get accurate spacing, you should always set it yourself, exactly.

25.     After we received CSafe's brief, we researched the extent to which courts have addressed exact spacing, and located a brief that was submitted by the Fenwick & West law firm in the *BMG v. Cox* lawsuit, No. 1:14-cv-01611 (E.D. Va. Sept. 24, 2015), which was filed as document 333 in that case.

26. On page one of that brief, Fenwick noted that in the federal courts where it typically practices, the local rules equate Exactly 24-point spacing and double-spaced, and so it is Fenwick's standard practice to draft briefs with Exactly 24-point spacing. I agree. My understanding and experience is that federal courts typically equate Exactly 24-point spacing and double-spaced, and that there are few courts that have ruled that Exact 24-point spacing is not double-spacing (although there are some outliers). Like Fenwick, my standard practice is to draft briefs with this spacing, and doing so in this instance was not an attempt to avoid compliance with the local rules. Fenwick cited a different typography reference, which is submitted as Exhibit 4 to this Opposition.

27. I also believe that this is the correct way to double space. By definition double spacing for a 14 point font is 28 point spacing. As Fenwick noted previously, the default Microsoft Word setting adds 15% more space between lines than true double-spacing, simply to make a document easier to read. It cited a different "Typography for Lawyers" post from a different website, but both stand for that same point. Microsoft itself acknowledged this in a blog post from 2006 when it changed its default spacing (submitted as Exhibit 3).

28. Moreover, it is my understanding that the Microsoft Word default spacing has changed over time, and therefore the only way to get a consistent double spacing is to set the spacing precisely, as Envirotainer did. Absent exactly set spacing, what is "double spacing" may change depending on which word

processor, and which version of that word processor, was used. For example, if we had used a typewriter to type the opposition brief, as opposed to a computer, the line spacing would have been exactly 28 point as it is in Envirotainer's opposition brief. If, however, we used Microsoft Word's default spacing, the briefs would have been different lengths even though both use the same font and font size.

    29.    While CSafe does not mention them in its brief, during my review I also confirmed compliance with the Court's other requirements. For example, the brief was submitted on pages that are eight and one-half inches by eleven inches in size, as required by Local Rule 5.1(B)(1). The top margin was one and one-half inches and the left margin was one inch, as required by Local Rule 5.1(D). All pages of the brief were numbered consecutively at the bottom center of the page, as is required by Local Rule 5.1(E). Counsel was identified by name, complete address, telephone number, facsimile number and Georgia bar number (the latter where applicable), as required by Local Rule 5.1(G). And the brief was appropriately and specifically captioned, and a civil case number provided, as required by Local Rules 5.1(J) and 5.1(K).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 14, 2022                      Respectfully submitted,

                                             */s/ Matthew W. Howell*
                                             Matthew W. Howell
                                             Georgia Bar No. 607080

                                             ***Attorney for Defendant***
                                             ***Envirotainer AB, and Envirotainer Inc.***

**LOCAL RULE 7.1(D)**
**CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Times New Roman 14 point.

Dated: April 14, 2022         */s/ Matthew W. Howell*
                              Matthew W. Howell
                              Georgia Bar No. 607080
                              ALSTON & BIRD LLP


**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which will automatically send e-mail notification of such filing to all counsel of record.

Dated: April 14, 2022         */s/ Matthew W. Howell*
                              Matthew W. Howell
                              Georgia Bar No. 607080
                              ALSTON & BIRD LLP