# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DOUBLEDAY ACQUISITIONS LLC d/b/a CSAFE GLOBAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENVIROTAINER AB, and )<br>ENVIROTAINER INC. )<br>)<br>Defendants. ) | Case 1:21-cv-03749-SCJ |

## AMENDED REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISREGARD ENVIROTAINER'S RESPONSE IN OPPOSITION TO CSAFE'S MOTION FOR PRELIMINARY INJUNCTION

## PRELIMINARY STATEMENT

In view of the urgency of its Preliminary Injunction Motion and the upcoming May 13, 2022 hearing, CSafe no longer requests the relief sought in its Emergency Motion [No. 58] (*i.e.,* to either strike Envirotainer's Response Brief or require that it be re-filed in conformance with the Local Rules) as CSafe fears that either action risks delaying the hearing and, in effect, will give Envirotainer additional time to cause CSafe irreparable harm.  While such remedies remain appropriate, CSafe submits this Reply only to address inaccuracies in Envirotainer's Opposition, and requests that the Court grant any sanction or relief it deems appropriate.

1

## INTRODUCTION

Envirotainer has used standard double spacing throughout this case. It used it in all prior documents filed with the Court, and even used it elsewhere in the Response Brief at issue. Only when it needed extra pages of additional argument, did Envirotainer radically depart from its own consistent practice, as it now acknowledges. Envirotainer did this by using what it calls "exactly 28-point spacing," giving itself an additional *nine* pages compared to standard double spacing. This is on top of the *ten* additional pages the Court had already given Envirotainer for its Response Brief.

CSafe pointing this out was not "overzealous advocacy and insult," as Envirotainer suggests. (Response at 2.) Rather, it is a request to level the playing field. When a sophisticated law firm wants more pages than a court is willing to allow, it should not be allowed to abandon standard practice and employ tricks. This violates the spirit of the Local Rules which standardizes font size, spacing, and margins so that no party has an unfair advantage.

## LEGAL ANALYSIS

Multiple federal courts have rejected Envirotainer's argument that "exactly 28-point spacing" satisfies double spacing requirements.[1] In *Everlight Elecs. Co. v.*

---

[1] While CSafe maintains its position regarding font size and character spacing, as set forth in its Emergency Motion to Disregard and Exhibits 4 and 5 [Nos. 58-1 at 4;

2

*Nichia Corp.*, the Local Rules required 14-point font and double spacing, just like the Northern District of Georgia. Case No. 12-CV-11758, 2014 WL 12662249, at *1 (E.D. Mich. June 18, 2014). Instead of double spacing, Everlight used exactly 28-point spacing, just like Envirotainer, which gave it an additional six pages. *Id.* The Court rejected Everlight's claim that exact spacing was "true double spacing," and noted that, much like Envirotainer, Everlight consistently used standard double spacing for its other briefing and had even received a page extension for the brief in question. *Id.* As a result, the court struck Everlight's brief and allowed it to resubmit the brief using standard double spacing. *Id.* at *3.

Other federal courts have reached the same conclusion. *See Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 319CV00515KDBDSC, 2022 WL 1081850, at *2 (W.D.N.C. Apr. 11, 2022) (noting that "a common sense understanding" of "double spaced" is that it refers to the standard double spacing in Word or another widely accepted word processor and not exactly spacing, and rejecting plaintiff's "efforts to skirt, if not evade, the page limitations" by using exactly spacing); *see also Al-Ahmed v. Twitter*, 553 F. Supp. 3d 118, 123 n.3 (S.D.N.Y. 2021) (same).

---

58-7 through 58-10], CSafe lacks access to the Word version of Envirotainer's brief and is therefore not in a position to reply to Envirotainer's response on these issues. (Response at 2-4.)

Further, this Court does not tolerate intentional flouting of the Local Rules. *See, e.g., Aldridge v. Travelers Home and Marine Ins. Co.*, Case No. 16-cv-1247, 2019 WL 8439150, at **1, 2, 4 (N.D. Ga. Feb. 21, 2019) (Jones, J.) (disregarding excessive pages of motion for summary judgment); *Smith-Jackson v. Chao*, Case No. 15-cv-1688, 2017 WL 3575003, at **3-4 (N.D. Ga. Aug. 18, 2017) (Duffey, J.) (striking objections that were not double-spaced and that exceeded the page limit and noting that such violations were a "blatant attempt" to meet the page limit and that Local Rules must be enforced to avoid "an unlevel playing field for litigants").

In contrast to the legal authority CSafe offers, Envirotainer relies on blog posts and articles. However, even the author on whom Envirotainer relies, Mr. Butterick, explicitly admits that "nothing in this article is offered as legal advice." [No. 65-3 at 2.] This is good advice, as courts have expressly rejected the use of exactly spacing based on non-legal sources. *See, e.g., Colon v. Twitter, Inc.*, No. 618CV515ORL41GJK, 2019 WL 13060895, at *2 (M.D. Fla. Dec. 2, 2019) (finding that use of exactly spacing as "set forth by the blog" is anything but standard as almost all of the thousands of filings each year use standard double spacing so "it would be wise . . . to either find more reputable sources of information or verify [the] information with supporting legal authority" and citing similar cases in support).

Lacking legal support, Envirotainer implausibly argues that a brief filed in the Eastern District of Virginia by CSafe's national counsel (Fenwick) somehow

indicates that Envirotainer's approach here is acceptable. (Response at 6.) But, notably, the Fenwick lawyers in Virginia ***admitted*** their mistake and explained that they (a) had inadvertently followed the local rules of the courts where they ordinarily practiced (the Central and Northern Districts of California and the Western District of Washington); and (b) had previously filed numerous briefs in the Virginia action using the same formatting without objection from opposing counsel or the court. Envirotainer has no such excuse here, as its attorneys are practicing in their ***home forum*** and neither party has filed any brief using the formatting Envirotainer now suggests.  Indeed, even a cursory review of the Table of Contents, signature pages, and attestations in Envirotainer's Response Brief shows how Envirotainer manipulated only the substantive portion of its brief (*i.e.,* only the part that counts toward the page limit) while otherwise honoring the Local Rules.

Moreover, to the credit of the Fenwick lawyers in Virginia, they acknowledged the nature of the benefit that they unintentionally received – approximately 15% smaller line spacing, yielding three to four extra pages – and offered the exact remedy CSafe proposed in its Motion – to re-file a conforming brief that only removes substance.  [No. 58-1 at 6-7]. The Virginia Fenwick team also offered an alternative remedy – granting its opponent equivalent extra space – consistent with Envirotainer's suggestion that the Court follow *In re Epipen Epinephrine Injection*, 2020 U.S. Dist. LEXIS 133290, at **35-36 (D. Kan. July 28,

2020). But a fair application of that remedy would mean granting CSafe not only equal treatment under the Court's original ruling (as the Court has in the Extension Order), but also, in view of Envirotainer's unilateral extension, an additional extension of eight to nine pages. CSafe does not request an additional eight to nine page extension, as such length is neither necessary nor appropriate in view of the Court's busy workload and the clear differences between the mistake made by the Fenwick lawyers in Virginia and the purposeful manipulation of the Court's rules by Envirotainer here. For the same reason, Envirotainer is wrong when it claims that the Court's Extension Order [No. 64] has "completely resolved" "[a]ny alleged prejudice" CSafe faces by Envirotainer's nine additional pages. (Response at 12.)

Envirotainer also wrongly contends that if CSafe had raised these issues with Envirotainer before filing its Motion to Disregard, Envirotainer could have "clarified" the "facts." (Response at 11.) But Envirotainer's clarifications would not have prevented the Motion because CSafe is absolutely correct that Envirotainer did not use standard double spacing, as Envirotainer now acknowledges.

Unable to justify its self-grant of nine additional pages, Envirotainer points to times when CSafe purportedly violated the Local Rules, particularly the timing of CSafe's Motion for Preliminary Injunction. (Response at 15.) But in each instance, CSafe complied with the Court's rules. In particular, CSafe followed the Court's Individual Instructions concerning motions for preliminary injunctions by making a

separate motion and contacting the Court to request expedited consideration. Judge Jones Instructions, Rule III.A. *See also* LR 1.1(b), NDGa (deferring to individual judges' prerogatives to set different procedural requirements).

In view of Envirotainer's violations, Plaintiff CSafe believes that the appropriate remedy is to either disregard Envirotainer's Response Brief in its entirety or require Envirotainer to file a corrected brief that complies with the Local Rules. However, in view of the upcoming May 13, 2022 Preliminary Injunction Hearing, and out of concern that either option may delay the Hearing, CSafe respectfully requests that the Court issue any sanction or relief that it deems appropriate and that would not imperil the May 13 hearing date.

Dated: April 21, 2022

                                            Respectfully submitted,

                                            */s/ Henry R. Chalmers*
                                            Henry R. Chalmers
                                            Georgia Bar No. 118715
                                            ARNALL GOLDEN GREGORY LLP
                                            171 17th Street NW, Suite 2100
                                            Atlanta, GA 30363
                                            Phone: 404.873.8646
                                            henry.chalmers@agg.com

                                            Robert E. Counihan (*pro hac vice*)
                                            Kevin McGann (*pro hac vice*)
                                            Silvia M. Medina (*pro hac vice*)
                                            Kara Czekai (*pro hac vice*)

8

                                        FENWICK & WEST
                                        902 Broadway, Suite 14
                                        New York, NY 1010
                                        Phone: 212.430.2600
                                        Fax: 650.938.5200
                                        rcounihan@fenwick.com
                                        kmcgann@fenwick.com
                                        silvia.medina@fenwick.com
                                        kczekai@fenwick.com

                                        *Attorneys for Plaintiff Doubleday*
                                        *Acquisitions LLC d/b/a CSafe Global*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this Reply has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), namely, Times New Roman (14 point).

Respectfully submitted, this the 21st day of April, 2022.

/s/ Henry R. Chalmers
Henry R. Chalmers

## CERTIFICATE OF SERVICE

On April 21, 2022, I caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF filing system, which will send notification of such filing to all registered participants.

By: */s/ Henry R. Chalmers*
Henry R. Chalmers
Georgia Bar No. 118715